IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

RUSSEL ABORN and
SANDRA ABORN,

        Plaintiffs,
vs.                                      CIVIL NO. 01-1211 MV/LFG

CHILDREN, YOUTH AND
FAMILIES DEPARTMENT et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING MOTION FOR REMOVAL

THIS MATTER is before the Court on Plaintiffs' Motion for Removal of Magistrate Judge Lorenzo F. Garcia [Doc. 20]. A response in opposition was filed March 21, 2002. Oral argument is not necessary. This matter may be decided on the parties' submissions.

Plaintiffs request removal of the Magistrate Judge.[1] However, the Court considers this a motion filed only by Plaintiff Sandra Aborn ("Aborn"). Aborn requests that the Magistrate Judge be removed from this case because he intimidated and scared her and because the Magistrate Judge is prejudiced in favor of Defendants.

The procedure to disqualify a judge is set out in 28 U.S.C. § 144. This statute authorizes a

---

[1] While the motion recites that both Plaintiffs join in this request, the motion is signed only by *pro se* Plaintiff Sandra Aborn. At the Rule 16 scheduling conference, she was apprised that each *pro se* litigant must sign each pleading. As a non-lawyer, while Ms. Aborn is privileged to represent her own interests in civil litigation, she may not represent the interests of another individual, even a spouse. Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986); *see also* In Re Schmidt, 122 N.M. 770, 773, 931 P.2d 1386, 1389 (1997)("only two types of legal representation are recognized--litigants appearing *pro se* or those appearing through licensed counsel of record. They may not appear through unlicensed laymen, not even their parents [.]") (*citing* Chisolm v. Rueckhaus, 124 N.M. 255, 257, 948 P.2d 707, 709 (Ct. App.), *cert denied*, 124 N.M. 268 (1997)).

party to file an affidavit stating the facts and reasons for the party's belief that the judge before whom the matter is pending has a personal bias or prejudice. The statute states in relevant part:

> The affidavit shall state the facts and reasons for the belief that bias or prejudice exists, and shall be filed not less than ten days before the beginning of the term at which the proceeding is to be heard, or good cause shall be shown for failure to file it within such time. A party may only file one such affidavit in any case. It shall be accompanied by a certificate of counsel of record stating that it is made in good faith.

28 U.S.C. § 144.

Tenth Circuit law requires strict construction of this statute. Hinman v. Rogers, 831 F.2d 937 (10th Cir. 1987). Moreover, the facts alleged in the party's affidavit demonstrating a judge's bias or prejudice must have some extra judicial nexus. It is insufficient that a litigant is dissatisfied with the judge's judicial performance or rulings on a particular case. Green v. Branson, 108 F.3d 1296, 1305 (10th Cir. 1997). Finally, the basis for an affiant's claim of bias or prejudice must be supported factually. Unsupported conclusory statements lacking in detail or factual predicate are insufficient to support conclusions of bias. Hinman, 831 F.2d at 939; Green. 108 F.3d at 1305.

The mere filing of an affidavit does not serve to automatically disqualify the judge. United States v. Bray, 546 F.2d 851, 857 (10th Cir. 1976); Hall v. Burkett, 391 F. Supp. 237, 240 (W.D. Okla. 1975). Rather, the judge to whom the affidavit is addressed must first pass on its sufficiency and determine whether the affidavit complies with the requirements of 28 U.S.C. § 144. As indicated, Tenth Circuit precedent requires that the statute be strictly construed and, indeed, should be construed against the affiant. Hinman, 831 F.2d at 939.

Under these standards, the Court is compelled to deny Aborn's request. First, no affidavit was filed, as required by 28 U.S.C. § 144. Rather, Aborn simply filed a motion without oath or

affirmation. Thus, her pleading did not satisfy the strict construction requirements of law, and is therefore procedurally deficient.

Second, the motion itself does not disclose facts that establish an extra judicial bias. To the contrary, virtually all of Aborn's concerns relate to alleged conduct at a Fed. R. Civ. P. 16 scheduling conference. The majority of her objections to the Court's statements or rulings demonstrate a simple misunderstanding of the Court's obligations at a Rule 16 conference, or of the parties' obligations under the Federal Rules of Civil Procedure. Pretrial conferences are conducted in an effort to expedite the ultimate disposition of litigation and reduce the costs of lawsuits. Civil Justice Reform Act, 28 U.S.C. § 471 *et seq.* The objectives are set out in Fed. R. Civ. P. 16(a), which provides:

> In any action, the court may in its discretion direct the attorneys for the parties and any unrepresented parties to appear before it for a conference or conferences before trial for such purposes as
>
> (1) expediting the disposition of the action; (2) establishing early and continuing control so that the case will not be protracted because of lack of management; (3) discouraging wasteful pretrial activity; (4) improving the quality of the trial through more thorough preparation; and (5) facilitating the settlement of this case.

In this case, the Court issued an Initial Scheduling Order requiring the parties to meet and confer by a date certain, prepare a provisional discovery plan, make initial pretrial disclosures, prepare an Initial Pretrial Report, and appear for a Rule 16 scheduling conference on March 13, 2002.

Sandra Aborn appeared, but her husband and co-Plaintiff did not. The Court advised her that while she could represent her own interests as a *pro se* litigant, she could not represent the interests of another, including her spouse. *See, e.g.*, Meeker, 782 F.2d at 154. When Aborn explained that her husband had been called out of town the day before and could not appear, the Court excused his

presence and proceeded with the Rule 16 conference. The Court did advise Aborn that it did not want to start this litigation on a wrong foot with the imposition of any sanctions, but cautioned that in all proceedings in the future, so long as both parties were *pro se*, they both needed to appear.

To accomplish the Rule 16 goals, *supra*, courts generally require the parties to give an overview of their respective positions concerning claims and defenses. The court will then seek to formulate and simplify the issues and encourage parties to withdraw frivolous claims or defenses. Fed. R. Civ. P. 16(c)(1). Thus, Aborn correctly notes that the Court asked her to provide a general overview of the case, and when she commenced reading the complaint verbatim, the Court indicated that a general overview was sufficient. Similarly, the Court instructed defense counsel to give an overview of the State's case.

The Court was advised that a motion to dismiss based on qualified immunity had been filed on November 28, 2001, and that neither Aborn nor her husband had responded. The Court explained that the failure to respond to a motion constitutes consent to the granting of the motion. D.N.M.LR-Civ. 7.5(b). The Court then extended time for the Plaintiffs to answer.[2]

Defendants also sought a stay of discovery pending the Court's consideration and disposition of the qualified immunity motion. In accord with prevailing law, the Court stayed discovery. The Court's authority to stay discovery based on qualified immunity is consistent with an obligation to protect public officials performing discretionary functions from the burdens of trial and discovery. Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982); Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987); *see also* Gallegos v. City & County of Denver, 984 F.2d 358 (10th Cir.)("A

---

[2] After granting a ten-day extension, the Court was alerted by Defendants that Judge Vazquez had already established a new deadline and that my order would conflict. Therefore, Aborn was advised to comply with the deadline established by Judge Vazquez.

4

successful claim of qualified immunity allows a public official to avoid the burdens of discovery and litigation, as well as liability"), *cert. denied*, 508 U.S. 972, 113 S. Ct. 2962 (1993).

The Court inquired whether the parties had made any efforts to resolve this dispute, and defense counsel noted that Plaintiffs filed suit before exhausting all remedies available, including a new home review by an independent agency. This review, if favorable, could well result in the Plaintiffs securing the licensing relief requested. Defense counsel noted that Plaintiffs filed suit rather than choosing to proceed with further review, and that Defendants were prepared to conduct an additional review, even using an independent agency in an effort to resolve the dispute.

As this proposal could provide Plaintiffs with the licensing relief they requested, and because the process was expeditious, efficient and economical, and to be conducted by an independent agency, the Court recommended to Aborn that Plaintiffs seriously consider this option. The Court suggested that the Plaintiffs could dismiss this lawsuit, without prejudice, while they pursued this option. The Court noted that Plaintiffs would risk nothing, other than the filing fee paid, should they chose to dismiss their claims without prejudice, and proceed with an independent review. If the independent review resulted in a return of the license, Plaintiffs would have achieved the success they sought in the lawsuit without the need of litigation. Alternatively, if the review resulted in a recommendation that no license be issued, Plaintiffs still could seek further court review of that decision. The Court advised Aborn that the proposal sounded reasonable, but that Plaintiffs were under no obligation to dismiss their suit. *See* Kothe v. Smith, 771 F.2d 667, 669 (2d Cir. 1985)(The court can encourage settlement, but cannot compel agreement to settle). It is not the purpose of Fed. R. Civ. P. 16 to impose settlement negotiations on unwilling litigants. Federal Rules of Civil Procedure 16(c), 1983 Advisory Committee Notes; *see also* Domann v. Vigil, CIV 99-192 LH/JHG (D.N.M. July 6, 2000).

The Court simply encouraged Aborn to give this proposal careful consideration.

As an incentive for the Plaintiffs to consider a negotiated resolution, the Court inquired whether Defendants would be willing to waive taxable costs if the Aborns, in turn, were willing to dismiss the litigation without prejudice. Defense counsel indicated that, indeed, Defendants would waive any claim for taxable costs. Aborn's motion indicates that the Court threatened an award of attorney fees. This is incorrect and the costs discussed involved only taxable costs that may be awarded a prevailing party.

Thus, all of Aborn's complaints arise from the Court's actions at the Rule 16 conference, and all have a judicial nexus. Aborn provides no evidence of "extra judicial bias." Thus, for this reason as well, her request must be denied.

The third reason for denying the request concerns timing. Here, Aborn did not assert bias until after she invoked the Court's discretion by seeking, but not receiving affirmative relief. Aborn requested that the Court appoint counsel [Doc. 16]. That motion was denied [Doc. 17]. A party may not "test the judicial waters" by delaying an affidavit for disqualification while one waits to see if rulings will be favorable or unfavorable. If Aborn believed there was bias, she was compelled to promptly file her affidavit after the case was assigned. She should not wait until the judge rules against her, and then, being dissatisfied with a ruling, seek to remove the judge. Green, 108 F.3d at 1305.

Aborn also believes that the Magistrate Judge "is unduly prejudiced against in favor of the Defendants [sic]." (Motion, pp. 2, 3). By asserting that the Magistrate Judge's demeanor or conduct was improper or that the Magistrate Judge was biased and prejudiced, Aborn raises an alternative procedural method for removal of a judge beyond that provided by 28 U.S.C. § 144. The alternative

6

basis for removal of a judge is contained in 28 U.S.C. § 455. Under this statute, a justice, judge or magistrate is required to disqualify himself or herself in various enumerated circumstances. Aborn's motion, however, fails to identify any circumstance existing in this case that require disqualification under § 455(b). Moreover, each assertion of alleged facts concerns the Magistrate Judge's conduct in a judicial proceeding, and does not allege any bias or prejudice from any extra judicial source. It is clear that the judge's bias and prejudice must have some extra judicial nexus. It is insufficient that a litigant simply be dissatisfied with the judge's performance or rulings in a particular case. <u>Green</u>, 108 F.3d at 1305.

Finally, Section 455(a) requires a justice, judge or magistrate to disqualify himself or herself in any proceeding in which impartiality might reasonably be questioned. While Aborn may harbor some perception of unfairness, perhaps because the Magistrate Judge previously denied her request for court-appointed counsel, there is simply no factual predicate to substantiate Aborn's conclusions that the Magistrate's impartiality might reasonably be questioned.

Just as there is a duty for a judge to recuse when there exists a constitutional or statutory basis, there is an equally compelling duty for a judge to hear and decide a case when no constitutional or statutory reason has been provided that would compel recusal. <u>Hinman</u>, 831 F.2d at 939.

The Court, therefore, determines that Aborn failed to comply with the requirements of 28 U.S.C. § 144; further, the Court determines that there is no constitutional or statutory basis for the undersigned judge to recuse; and, therefore, Aborn's request for removal of the Magistrate Judge is denied.

*/s/ Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge